UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUL MUKTADIR,

    Plaintiff,

v.                                                                                Case No. 05-72485
                                                                               Hon. Victoria A. Roberts

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Appeal of denial of social security disability benefits.  For the following reasons, the Court:  (1) **ADOPTS** the Report and Recommendation, (2) **DENIES** Defendant's Motion for summary judgment; (3) **GRANTS** Plaintiff's Motion for summary judgment; and (4) **REMANDS** for further proceedings.

**II.    BACKGROUND**

This case arises out of the denial of social security disability benefits to Plaintiff, Abdul Muktadir.  Plaintiff was in an automobile accident on May 20, 2001.  He suffered back and neck injuries.

From the date of the accident, Plaintiff began treating with Dr. Promod Raval.  Dr. Raval referred Plaintiff to neurosurgeon Dr. Miguel A. Lis-Planells.  Following

examination and tests, Plaintiff was diagnosed with vertebrogenic disorders of the cervical and lumbosacral spine, hypertension, and diabetes mellitus.

Plaintiff cannot maintain his previous employment as a taxi cab driver, waiter and cashier. He claims his limitations are that he cannot lift more than 5 to 10 pounds, walk for more than an hour at a time, stand for half an hour at a time, or sit for half an hour to an hour at a time.

Plaintiff filed an application for Social Security disability benefits on November 20, 2002. After a hearing, the Administrative Law Judge ("ALJ") issued a decision denying benefits on October 29, 2004. The Appeals Council denied Plaintiff's request for review on April 27, 2005. Plaintiff filed an appeal to this Court on June 22, 2005.

Both parties filed a motion for summary judgment. The motions were referred to Magistrate Judge Virginia M. Morgan. She issued a Report and Recommendation ("R&R") on October 18, 2005 recommending that the Court (1) deny Defendant's Motion, (2) grant Plaintiff's Motion, and (3) remand for further proceedings.

### III. STANDARD OF REVIEW

In the Social Security context, the district court reviews the decision of the Commissioner to determine whether the decision exceeds statutory authority or is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*,

305 U.S. 197, 229 (1938).  It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way.  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed.  *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).  In other words, if the Commissioner's determination is supported by substantial evidence, it must stand even if the reviewing court would resolve the issues of fact in dispute differently.  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations.  *Id.*

## IV.    APPLICABLE LAW AND ANALYSIS

There are five factors that the Social Security Administration uses to determine eligibility for benefits.  Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" ("RFC") to perform past work.  *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner to prove the fifth factor:  that there is other work available in the economy that the claimant can perform.  20 C.F.R. §§404.1520(b)-(f).  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational

qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

### A.     ALJ Determination

The ALJ denied Plaintiff benefits at step five. He found that Plaintiff had the RFC to perform a significant range of light work available in the economy. [Tx. p. 24]. The ALJ found Plaintiff's restrictions and limitations as follows: (1) work that is simple and unskilled with one, two, three step instructions; (2) Plaintiff only perform pushing and pulling motions with his upper and lower extremities within the light weight restrictions; and (3) that he perform only occasional postural activities such as climbing, balancing, stooping, kneeling, crouching or crawling. The ALJ did not address Plaintiff's contention that he was limited in his ability to sit/stand/walk for a prolonged period.

### B.     R&R

The magistrate found the ALJ erred by not addressing the medical evidence that supported Plaintiff's claim that he could not sit/stand/walk for a prolonged period.

The magistrate pointed out that the "record indicates that plaintiff's condition is exacerbated by prolonged sitting, standing, or walking." [R&R, p. 7]. The magistrate found that pursuant to *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004), the ALJ erred at the very least by not providing a list of reasons why the treating physician's restrictions should be ignored, as required by 20 CFR §404.1527(d)(2).

### C.     Analysis

4

The Defendant states that (1) the RFC found by the ALJ is supported by substantial evidence because there were never any restrictions placed on Plaintiff's ability to sit/stand/walk; and (2) the ALJ was not required to provide reasons under 1527(d)(2).  Plaintiff responded that there were restrictions placed on his ability to sit/stand/walk, and 1527(d)(2) is applicable.

With respect to restrictions on Plaintiff, Dr. Lis-Planells recommended on May 5, 2004, that Plaintiff "avoid prolonged sitting," but did not explain what he meant by "prolonged." [Tx. p. 151].  Also, Dr. Raval stated in an August 20, 2004 narrative summary that Plaintiff's pain was aggravated by prolonged sitting or standing and that he is "restricted about [sic] the work he can do now which he use [sic] to do before the underlying injury." [Tx. p. 196].[1]  Clearly, although not detailed, restrictions were placed on Plaintiff.

The court held in *Wilson, supra*, that 20 CFR §404.1527(d)(2) requires an ALJ to give a treating physician's opinion controlling weight unless he finds the opinion is not supported by medically acceptable clinical and laboratory diagnostic techniques, or that the opinion is inconsistent with the other substantial evidence in the record.  *Wilson*, 378 F.3d at 544.  Further, the court enforced a Social Security ruling which states a decision denying benefits must contain specific reasons for the weight given to a treating physician's opinion.  *Id.*  Failure to make a clear determination supported by "good reasons" is not harmless error.  *Id.* At 546.

---

[1]The magistrate also includes that Dr. Lis-Planells noted that Plaintiff reported his pain was worsened by prolonged sitting or standing, but Dr. Lis-Planells made no findings and placed no restrictions in that regard at that time. See [Tx. p. 157-158].

5

The ALJ mentioned in his decision that Plaintiff was advised to avoid sitting for prolonged periods of time by Dr. Lis-Planells. [Tx. p. 21]. However, the ALJ did not mention Dr. Raval's opinion as noted above. The ALJ found "[i]n light of the objective medical evidence and my assessment of the claimant's demeanor...the assertions of the claimant's disability are not fully credible." [Tx. p. 20]. There was no discussion of Dr. Lis-Planell's recommendation. Thus, the ALJ failed to satisfy the requirements of 20 CFR §404.1527(d)(2).

Defendant argues that if the ALJ did violate 1527(d)(2), it was a *de minimus* violation that constitutes harmless error. Defendant urges that Dr. Lis-Planell's restriction is consistent with the Plaintiff's RFC.

This argument is unpersuasive. First, it is unclear if this is what the ALJ intended because he did not explain why he failed to include the restriction in the RFC. Second, the RFC for light work involves standing and/or walking for about six hours in an eight hour workday. 20 CFR §404.1567(b). Dr. Lis-Planell recommended Plaintiff avoid prolonged sitting. There is no elaboration on what "prolonged" means. Therefore, there is no basis to conclude that Dr. Lis-Planell's restriction is consistent with the RFC for light work.

Lastly, the passage of *Wilson* that Defendant relies on to establish a *de minimus* exception is unequivocally dicta. As the court states, "[t]hat is not to say that a violation of the procedural requirement of §1527(d)(2) could never constitute harmless error. <u>We do not decide the question of whether a *de minimus* violation may qualify as harmless error.</u>" *Wilson*, 378 F.3d at 547 (emphasis added). Moreover, an example of what a *de minimus* violation would be is failure to observe 1527(d)(2) when the physician's opinion

6

is patently deficient such that it could not possibly be credited. *Id.* The Defendant does not demonstrate that either treating physician's opinion is patently deficient.

## V. CONCLUSION

For the foregoing reasons, the Court: (1) **ADOPTS** the Report and Recommendation, (2) **DENIES** Defendant's Motion for summary judgment; (3) **GRANTS** Plaintiff's Motion for summary judgment; and (4) **REMANDS** for further proceedings.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated: April 10, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 10, 2006.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**